FILED: 10/5/2020 3:13 PM
Vickie Edgerly, District Clerk
Orange County, Texas
Envelope No. 46873566
Reviewed By: Annette Vaughan

NO. A200874-C

| | | |
|---|---|---|
| A-1 AMERICAN FENCE, INC. | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | ORANGE COUNTY, TEXAS |
| | § | |
| WELLS FARGO BANK, N.A. AND, | § | |
| UGI UTILITIES, INC. | § | 128th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now A-1 American Fence, Inc. (hereinafter referred to as "Plaintiff" or "A-1"), complaining of Wells Fargo Bank, N.A. ("Wells Fargo") and UGI Utilities, Inc. ("UGI") and, for cause of action would show the following:

### I.   Parties

Plaintiff is a corporation with its principal place of business in Orange County, Texas.

Defendant, Wells Fargo Bank, N.A., is a business, and may be served with citation by serving a manager, Vice-President, or cashier at 3770 North 16th Street, Orange, Texas 77632.

Defendant, UGI Utilities, Inc., is a foreign company. Defendant has failed to register with the Texas Secretary of State. Defendant, UGI Utilities, Inc., may be served through the Texas Secretary of State by serving Yuan Turk, 9420 N. 118th Street, Scottsdale, AZ 85259-6346.

### II.   Jurisdiction, Venue, and Discovery

Discovery should be conducted in accordance with Rule 190.4 of the Texas Rules of Civil Procedure. Although largely an issue left to the discretion of the trier of fact, Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.00, including damage of any kind, penalties, costs, expenses, prejudgment interest, and attorney fees. Venue is proper in Orange County, Texas because the events that give rise to the cause of action occurred in Orange County,

Texas. Venue is proper in Orange County, Texas under the Texas DTPA. Venue is also proper in Orange County, Texas because that is the location of the branch where Plaintiff engaged the banking services at the local branch located at 3770 North 16th Street, Orange, Texas 77632.

### III. Factual Background

A-1 American Fence, Inc. supplied goods and services to UGI related to the installation of security fencing. UGI assigned this purchase order number 9095722. The purchase order became ripe for payment in the amount of $501,879.00 pursuant to the agreement between UGI and A-1. UGI attempted to pay A-1 through an account established in the name of A-1 without proper authorization. The account was created by an imposter without proper documentation or authorization by A-1. Wells Fargo allowed the imposter to gain access and abscond with funds from the UGI wire transfer through the use of this imposter account. A-1 did not authorize the transfer of its funds to the imposter. A-1 had an established banking relationship through the local Orange branch of the bank located at 3770 North 16th Street, Orange, Texas 77632.

Wells Fargo knew that the account was not an authorized account of A-1 because it had signature cards and knowledge related to the parties authorized to sign for A-1. Plaintiff immediately brought this information to the attention Wells Fargo and Wells Fargo was able to recover some, but not all of A-1's funds. Wells Fargo indemnified UGI as to the matter. UGI has not paid the balance of the contract despite demand. Plaintiff adopts these facts in support of the following causes of action.

### IV. Negligence/Gross Negligence of UGI

UGI is liable to A-1 for its negligence in paying the wrong account. UGI failed to exercise ordinary care or good faith in handling the wire payment to A-1. UGI failed to implement and

maintain a compliance risk management program to prevent this loss through negligent wire transfers.

### V.    DTPA – Breach of Warranty by Wells Fargo

Wells Fargo is liable to A-1 related to the warranties it made to A-1 when it established its account with Wells Fargo. Namely, Wells Fargo expressly or impliedly warrantied to Plaintiff that it would not make unauthorized transfers from its customer's bank. Wells Fargo breached that warranty when it allowed the imposter to take Plaintiff's money although the transfers had not been properly authorized. Plaintiff pleads its breach of warranty claim independently and as a tie-in claim under the DTPA.

### VI.    Breach of Contract by UGI

UGI breached its contract by not making payment to Plaintiff for the balance owed under the purchase order. UGI acknowledged that payment was due by attempting to make payment, however, Plaintiff did not receive payment in full and UGI owes the balance of $171,942.64.

### VII.    Breach of Contract by Wells Fargo

Wells Fargo made an express or implied promise that it would not allow unauthorized transfers of Plaintiff's funds. Wells Fargo is conclusively presumed to know the signature of its customer and may not charge the customer's account with checks not signed by the customer. Despite this promise, and Wells Fargo's presumed knowledge, Wells Fargo allowed the unauthorized transfer of $171,942.64 from Plaintiff's account.

### VIII.    Negligence/Gross Negligence of Wells Fargo

Wells Fargo is liable to A-1 for its negligence. Wells Fargo failed to exercise ordinary care or good faith in handling the wire payment to A-1. Wells Fargo failed to implement and maintain a compliance risk management program to prevent this loss through negligent wire transfers. Wells Fargo failed to exercise ordinary care or good faith when it allowed an imposter to open an account

in Plaintiff's name despite having written documentation related to Plaintiff that would have allowed Wells Fargo to determine that the imposter was not properly authorized to act on behalf of Plaintiff.

## IX.  Damages

Plaintiff seeks recover of his actual damages in the amount of $171,942.64, reasonably attorneys' fees, court costs, pre-judgment interest, post-judgment interest, as well as exemplary and/or additional damages from Wells Fargo for its knowing and intentional violations of the DTPA.

## X.  Attorney's Fees

Plaintiff seeks the recovery of attorneys' fees pursuant to the DTPA and Tex. Civ. Prac. And Remedies Code Sec. 38.001 and the Texas Deceptive Trade Practice Act.

## XI.  Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein as the law directs and that, upon final hearing, Plaintiff has and recovers judgment of and from Defendants pursuant to the above and foregoing allegations in such amounts as hereinabove set out and as the evidence may show proper at the time of trial, together with interest thereon at the maximum legal rate, costs of Court, attorneys' fees and for such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

## X.  Request for Disclosure

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, each Defendant is requested to disclose, within 50 days of this request, the information or material described in Rule 194.2 (a) through (l).

Respectfully submitted,

THE MONK LAW FIRM
4875 Parker Drive
Beaumont, Texas 77705642
Phone:  (409) 724-6665
Fax:    (409) 729-6665
E-mail: brandon@themonklawfirm.com

By: _____

BRANDON P. MONK
State Bar No. 24048668

ATTORNEY FOR PLAINTIFF