IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| A-1 AMERICAN FENCE INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:20-cv-00441 - |
| | § | MAC |
| WELLS FARGO BANK, N.A. and | § | |
| UGI UTILITIES INC., | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANT UGI UTILITIES INC.'S RENEWED MOTION TO DISMISS
PURSUANT TO RULE 12(b)(6), AND FIRST AMENDED ANSWER AND
AFFIRMATIVE DEFENSES**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant UGI Utilities Inc. ("UGI") renews its motion to dismiss Plaintiff A-1 American Fence Inc.'s ("AAF") claim for negligence/gross negligence (the "Negligence Claim") for failing to state a claim upon which relief can be granted in the First Amended Complaint ("FAC"). Because any further amendment would be futile and its prior amendment did not cure the deficiency, and no amount of repleading can cure the fundamental lack of a tory duty to make a contractual payment, the Negligence Claim should be dismissed with prejudice.

## I.   INTRODUCTION

This is a cyber-fraud case where Plaintiff and Defendants were both the victims of an unknown third-party criminal. AAF's email system was breached by a "hacker," who then monitored AAF's communications, looking for the perfect moment

to strike.  After discovering that AAF was due a payment from UGI under their contract (the "Contract"), likely by monitoring AAF's daily communications, the hacker created a new bank account at Wells Fargo, and then sent a request for payment to UGI *from AFF's actual email account*.  *See* Dkt. 19-1 (Contract between AAF and UGI).  Armed with AAF's inside information, the hacker used timely and accurate payment instructions to UGI under its Contract with AAF to build security fencing.  Because the request came from AAF's actual email account, UGI honored the request and made the payment as directed.  After the fraud was discovered, a portion of that money could not ultimately be recovered.  AAF then sued UGI for breach of contract and negligence, seeking to recover that lost portion.  AAF also sued Wells Fargo for permitting the cyber-burglar to open a new account in AAF's name.

AAF's Negligence Claim against UGI should be dismissed because there was no independent tort duty for UGI to make any payment to AAF.  Any such obligation arose only from the parties' Contract.  The Negligence Claim, therefore, is barred by the Texas economic loss doctrine, the Pennsylvania economic loss doctrine, and the "gist of the action" under Pennsylvania law (which is incorporated by the parties' Contract).  Both Texas and Pennsylvania law bar negligence claims when the dispute arises under a contract and only includes economic losses.

## II.    APPLICABLE LEGAL STANDARDS

### A.    Motion to Dismiss

Each cause of action alleged in a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.

---

Defendant UGI Utilities Inc.'s Renewed Motion to Dismiss Pursuant to
Rule 12(b)(6), and First Amended Answer and Affirmative Defenses        Page 2
4821-8321-3535, v. 1

R. Civ. P. 8 (a)(2).  Under Rule 12(b)(6), dismissal is appropriate where a party fails to allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To demonstrate plausibility, a plaintiff must go beyond pleading facts that are "merely consistent with a defendant's liability," and must set forth facts sufficient to permit the "reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).  "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

In evaluating a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

Courts in the Fifth Circuit may dismiss claims with prejudice if "it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).  If it is apparent from the face of the complaint that the Plaintiff is not entitled to relief, the court must dismiss the claim.  *Jones v. Bock,* 549 U.S.199, 215 (2007).

Defendant UGI Utilities Inc.'s Renewed Motion to Dismiss Pursuant to
Rule 12(b)(6), and First Amended Answer and Affirmative Defenses          Page 3
4821-8321-3535, v. 1

## III.   ARGUMENT

UGI renews its motion to dismiss the Negligence Claim because "the filing of an amended complaint moots a motion to dismiss the original complaint." *McMurdy v. Boston Sci. Corp.*, 2:19-CV-00301-JRG, 2019 WL 6131296, at *1 (E.D. Tex. Nov. 19, 2019).   Despite the amendment, AAF's Negligence Claim against UGI remains deficient because it remains within the scope of the economic loss doctrine as AAF still seeks tort damages for a duty to pay that arises under contract.   This is true under both Pennsylvania and Texas law.

Under Pennsylvania law, "a claim should be limited to a contract claim when the parties' obligations are defined by the terms of the contracts, and not by the larger social policies embodied by the law of torts." *Hart v. Arnold*, 884 A.2d 316 (Pa. Super. 2005) (quoting *Pittsburgh Const. Co. v. Griffith*, 834 A.2d 572, 581–82 (Pa. Super.2003), appeal denied, 578 Pa. 701, 852 A.2d 313 (2004)).   Stated somewhat differently, "[t]he general rule of law is that economic losses may not be recovered in tort (negligence) absent physical injury or property damage." *Spivack v. Berks Ridge Corp. Inc.*, 402 Pa. Super. 73, 78 (1990).

In making the contract versus tort determination, Pennsylvania courts apply a "gist of the action" analysis.   "The 'gist of the action' doctrine bars claims for allegedly tortious conduct where the gist of the conduct sounds in contract rather than tort." *Greater Philadelphia Health Services II Corp. v. Complete Care Services, L.P.*, 2387 JUNE.TERM 2000, 2000 WL 33711052, at *1 (Pa. Com. Pl. Nov. 20, 2000); *see also Bishop v. GNC Franchising LLC*, 248 F. App'x 298, 299 (3d Cir.2007)

Defendant UGI Utilities Inc.'s Renewed Motion to Dismiss Pursuant to
Rule 12(b)(6), and First Amended Answer and Affirmative Defenses          Page 4
4821-8321-3535, v. 1

(affirming dismissal of tort claims under "gist of the action" doctrine where contractual duties formed basis of tort claims).

Texas law is well aligned with Pennsylvania, as it is well-settled under Texas law that "the economic loss rule precludes recovery of economic losses in negligence when the loss is the subject matter of a contract between the parties." *Coastal Conduit & Ditching, Inc. v. Noram Energy Corp.*, 29 S.W.3d 282, 285 (Tex. App. – Houston [14th Dist.] 2000, no pet.) (citing *Southwestern Bell Tele. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex.1991)).

In diversity cases such as this, federal courts apply the choice of law rules of the forum state. *Cardoni v. Prosperity Bank*, 805 F.3d 573, 580 (5th Cir. 2013) (internal citations omitted). "In Texas, a choice of law analysis is only necessary on a claim if there is a conflict of law that actually affects the outcome of a claim." *Howard v. Forest River, Inc.*, 9:15-CV-162, 2017 WL 9325286, at *2 (E.D. Tex. Nov. 14, 2017), *report and recommendation adopted*, 9:15-CV-162, 2017 WL 6028577 (E.D. Tex. Dec. 4, 2017). Though Pennsylvania Law controls the contract between AAF and UGI (*see* Dkt. 19-1, §14.10), as is clear from the cases cited above, there appears to be no conflict of law that will affect the outcome of the Negligence Claim.

A.    **AAF's Negligence Claim is barred by the economic loss doctrine.**

The Negligence Claim asserts that:

> UGI is liable to A-1 for its negligence in paying the wrong account. UGI failed to exercise ordinary care in handling the wire payment to A-1. [] UGI failed to implement and maintain a compliance risk management program to prevent this loss through negligent wire transfers. [] UGI failed to follow its payment system related to

Defendant UGI Utilities Inc.'s Renewed Motion to Dismiss Pursuant to
Rule 12(b)(6), and First Amended Answer and Affirmative Defenses    Page 5
4821-8321-3535, v. 1

> purchase orders which ordinarily require numerous levels of approval before payments are issued.

Dkt. 26, ¶¶53-55.

All aspects of this claim concern UGI's duty to make payment under the parties' Contract.  Plaintiff's creative phrasing of its negligence claim cannot obscure the fact that the claim seeks recovery for a "loss [that] is the subject matter of a contract between the parties that is the subject."  This claim is barred on its face by the economic loss rule.

In applying the rule, courts consider whether the Defendant's conduct "would give rise to liability independent of the fact that a contract exists between the parties." *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex.1991).  Without a contract, there would be no liability for AAF's failure to receive payment from UGI. "When no independent basis for liability exists, the rule applies." *Law v. Ocwen Loan Servicing, L.L.C.*, 587 Fed. Appx. 790, 795 (5th Cir. 2014) (affirming dismissal of negligence claim where appellant had not alleged non-economic damages resulting independently of the contract).

Further, the supposed failures "to exercise ordinary care in handling the wire payment" to AAF and "to implement and maintain a compliance risk management program to prevent this loss through negligent wire transfers" are not common law duties.  "Duty is the threshold inquiry, and a plaintiff must prove the existence and violation of a duty owed by the defendant to establish liability in tort." *Estate of Newton v. Grandstaff*, 3:10-CV-0809-L, 2011 WL 2678933, at *3 (N.D. Tex. July 8, 2011).  "Duty is the function of several interrelated factors, the foremost and

---

Defendant UGI Utilities Inc.'s Renewed Motion to Dismiss Pursuant to
Rule 12(b)(6), and First Amended Answer and Affirmative Defenses                    Page 6
4821-8321-3535, v. 1

dominant consideration being foreseeability of the risk." *Id.* AAF has provided no evidence for the existence of these common law duties—because none exists.

Attempting to create a duty, AAF claims "UGI should have followed its own purchasing system rules and required A-1 to execute a new SCPF." Dkt. 26, ¶60. The Contract is the only reason a duty to pay exists. It does not require UGI to follow any payment system rules and did not make any accommodations for AAF allowing its system to be compromised by a hacker. AAF's economic loss originated from the Contract and is resolved under contract law.

When the economic loss doctrine applies, tort claims must be dismissed. *See Roland v. Flagstar Bank, FSB*, 1:13-CV-588, 2014 WL 94356, at *10 (E.D. Tex. Jan. 9, 2014) (dismissing tort claim under the economic loss rule where claim was based in contract); *Cobb v. Ocwen Loan Servicing, LLC*, 1:11-CV-561, 2012 WL 13162834, at *10 (E.D. Tex. June 27, 2012) (dismissing negligence claim under the economic loss rule where claim was based in contract); *Sergeant Oil & Gas Co., Inc. v. Nat'l Maint. & Repair, Inc.*, 861 F. Supp. 1351, 1359 (S.D. Tex. 1994) (dismissing negligence claim under the economic loss rule where claim was based in contract). The holdings of these cases apply here with equal force and AAF's Negligence Claim must be dismissed.

**B.    AAF's Negligence Claim does not assert independent tort duties.**

From the face of Plaintiff's amended complaint, it is obvious that the only duty UGI owed AAF was a promise to pay under the Contract. No duty apart from the Contract is identified in Plaintiff's Complaint. As noted above, Plaintiff's artful attempt to create a negligence claim fails as the claim is clearly founded upon the

Defendant UGI Utilities Inc.'s Renewed Motion to Dismiss Pursuant to
Rule 12(b)(6), and First Amended Answer and Affirmative Defenses    Page 7
4821-8321-3535, v. 1

contractual duty of payments. *See Doe v. Yackulic*, 4:18-CV-084-ALM-CAN, 2019 WL 1301998, at *12 (E.D. Tex. Feb. 19, 2019) ("Plaintiff's negligence claim [] fails to state a claim for relief because Plaintiff's allegations do not demonstrate that [Defendant] owed Plaintiff a duty that sounds in tort."). Thus, the economic loss doctrine bars the Negligence Claim. *See* Dkt. 19-1, §3. "[A] claim sounds in contract when the only injury is economic loss to the subject of the contract itself." *1/2 Price Checks Cashed v. United Auto. Ins. Co.*, 344 S.W.3d 378, 387 (Tex. 2011); *Aikens v. Baltimore & Ohio R. Co.*, 348 Pa. Super. 17, 20, 501 A.2d 277, 278 (1985) ("[R]ecovery for purely economic loss occasioned by tortious interference with contract or economic advantage is not available under a negligence theory.").

UGI breached no tort duty to AAF. "Generally, a person does not have a duty to protect others from third-party criminal acts." *Trammell Crow Cent. Tex., Ltd. v. Gutierrez*, 267 S.W.3d 9, 12 (Tex. 2008). Allowing AAF to replead "would be futile" because it simply prolongs the case and unjustifiably burdens UGI by forcing it to defend against an untenable claim. *See Petrobras Am., Inc. v. Vicinay Cadenas, S.A.*, 4:12-CV-888, 2014 WL 12651168, at *2 (S.D. Tex. Nov. 24, 2014) (barring repleading of tort claims when the economic loss theory applied). Plaintiff's inability to address this issue in the FAC proves any further attempt would be futile.

### C.    AAF's Negligence Claim is also barred under Pennsylvania law.

If the court were to find a conflict of law and apply Pennsylvania law, the result would be the same. "Pennsylvania courts use two methods to determine whether tort claims that accompany contract claims should be allowed as freestanding causes of

Defendant UGI Utilities Inc.'s Renewed Motion to Dismiss Pursuant to
Rule 12(b)(6), and First Amended Answer and Affirmative Defenses            Page 8
4821-8321-3535, v. 1

action or rejected as illegitimate attempts to procure additional damages for a breach of contract: the 'gist of the action' test and the 'economic loss doctrine' test." *Korte Constr. Co. v. AMEC Earth & Envtl., Inc.*, SA-12-CA-0612-OLG, 2015 WL 12552078, at *14 (W.D. Tex. Feb. 23, 2015). AAF's Negligence Claim is barred under the "gist of the action" doctrine because it: "(1) [arises] solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where the liability stems from a contract; or (4) where the tort claim essentially duplicates a breach of contracts claim or the success of which is wholly dependent on the terms of a contract." *Metro Auto Sales v. Alfred Stein, Inc.*, CIV.A. 05-4721, 2006 WL 237505, at *2 (E.D. Pa. Jan. 30, 2006) (dismissing tort claim under "gist of the law" doctrine where failure to pay was duty owed under contract).

AAF's Negligence Claim meets all four elements of the doctrine: (1) its claim arose when it did not receive payment for goods and services provided to UGI under the Contract; (2) the duty to pay for the goods and services was required under the Contract, and the Contract alone; (3) any liability for payment, if it exists at all, stemmed only from the language of the Contract; and (4) AAF claimed that UGI breached its Contract and it is owed payment for its services. *See* Dkt. 19-1 at Article 3. Because AAF's Negligence Claim meets all four elements, it would be barred under the "gist of the action" doctrine under Pennsylvania law.

"Further, where a plaintiff has alleged no physical injury or property damage, [as it has not here,] the economic loss doctrine bars recovery for economic losses in a

---

Defendant UGI Utilities Inc.'s Renewed Motion to Dismiss Pursuant to
Rule 12(b)(6), and First Amended Answer and Affirmative Defenses          Page 9
4821-8321-3535, v. 1

negligence action." *Korte*, 2015 WL 12552078 at *14.  AAF's Negligence Claim should be dismissed.

### D.    AAF cannot make its contract claim into a tort claim with "additional factual detail."

The problem with AAF's tort claim is not a lack of "factual detail."  Dkt. 25 at 1.  The deficiency is the dependency on the Contract.  As AAF admitted in its Response, the economic loss rule applies to "[n]egligence cases in which the loss is also the subject matter of a contract between the parties, so that only contract remedies are available to the claimant."  *Id.* at 4 (citing *Wansey v. Hole,* 379 S.W.3d 246, 248 (Tex. 2012) (per curiam); *Southwestern Bell Tel. Co. v. DeLanney,* 809 S.W.2d 493, 494 (Tex. 1991); *MEMC Pasadena, Inc. v. Riddle Power, LLC,* 472 S.W.3d 379, 397-398 (Tex. App.-Houston [14th Dist.] 2015, pet. filed) (economic loss rule barred recovery of negligence damages when only loss alleged by Plaintiff was failure to perform contract); *Arlington Home, Inc. v. Peak Envtl. Consultants, Inc.,* 361 S.W.3d 773, 780 (Tex. App.-Houston [14th Dist.] 2012, pet. denied) (j.n.o.v. on negligence claims proper because economic loss rule barred tort recovery when only loss was subject of contract)).  The FAC did not change the underlying deficiency that AAF's alleged loss arises from the lack of payment provided under the Contract and AAF is still requesting a balance for services provided under the Contract.  Dkt. 26, ¶¶52-60.  AAF weaves a story in the FAC about the payment process that UGI was allegedly supposed to follow but fails to address the obvious; this alleged process would only be needed to facilitate payment due under the Contract.  *Id.*, ¶¶8-19.  Without the Contract, a balance would not be owed to AAF.

Defendant UGI Utilities Inc.'s Renewed Motion to Dismiss Pursuant to
Rule 12(b)(6), and First Amended Answer and Affirmative Defenses          Page 10
4821-8321-3535, v. 1

In the FAC's damages section, AAF alleges that "UGI's breach of its duty to AAF caused AAF to suffer an injury that is distinct, separate, and independent from the economic losses recoverable under a breach of contract claim. This injury can be calculated based on the unrecovered and unpaid amount of $171,942.64." *Id.*, ¶85. Merely stating that the damages are "distinct, separate, and independent from" economic losses does not make it true or even plausible. *Id.* This is especially true where the alleged injury is the exact economic loss alleged for payment due under the Contract. *See* Dkt. 2, §IX.

### E.    UGI does not admit negligence is at issue.

Though the burden of affirmative defenses lies with the pleader, merely stating an affirmative defense of comparative negligence is not an admission that negligence is at issue in this matter, especially when UGI "specifically denied" any negligence. Dkt. 18, ¶3. "An affirmative defense is subject to the same pleading requirements as is the complaint." *Karapetyan v. JPMorgan Chase Bank, N.A.*, 4:10CV536, 2011 WL 13217621, at *1 (E.D. Tex. Oct. 25, 2011) (citing *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)). And as AAF noted, "FRCP 8([d])(2) permits inconsistency in both legal and factual allegations, and has been interpreted to mean a court 'may not construe [a plaintiffs] first claim as an admission against another alternative or inconsistent claim.['] *PYCA Indus., Inc. v. Harrison Cty. Waste Water & Sewer Auth.*, 103 F.3d 1165, 1175 (3d Cir. 1997)." Dkt. 25 at 3. Here, the "affirmative defenses introduced no new facts and were, rather, legal theories" in response to AAF's allegations. *Romeo Papa Holdings, Inc. v. Cessna Aircraft Co.*, EP-09-CV-420-DB,

Defendant UGI Utilities Inc.'s Renewed Motion to Dismiss Pursuant to
Rule 12(b)(6), and First Amended Answer and Affirmative Defenses          Page 11
4821-8321-3535, v. 1

2011 WL 13327296, at *4 (W.D. Tex. May 16, 2011); *see also Advantage Roofing & Constr. of Louisiana, Inc. v. Landmark Am. Ins. Co.*, CV 16-677-JWD-RLB, 2019 WL 919582, at *23 (M.D. La. Feb. 25, 2019) ("the statements in the affirmative defenses constitute legal theories, not facts"). While "specifically den[ying]" any negligence, pleading the affirmative defense of comparative negligence is not, and cannot be construed as, an admission that negligence is at issue. Dkt. 18, §V ¶3. UGI pleaded the affirmative defense of comparative negligence in response to AAF's misguided negligence claim, which may have been waived otherwise.

## IV.   DEFENDANT UGI UTILITIES INC.'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Subject to its renewed Rule 12(b)(6) Motion to Dismiss, and without waiving same, Defendant UGI Utilities Inc. ("UGI") files this First Amended Answer and Affirmative Defenses to Plaintiff A-1 American Fence Inc.'s ("AAF") First Amended Petition.

### AMENDED ANSWER

In response to the specific paragraphs of the First Amended Complaint, UGI answers as follows:

### Factual Background

1.    UGI admits the allegations contained in Paragraph 1.

2.    UGI admits the allegations contained in Paragraph 2.

3.    UGI admits it attempted to pay AAF but denies the remaining allegations contained in Paragraph 3 for lack of knowledge sufficient to justify a belief therein.

Defendant UGI Utilities Inc.'s Renewed Motion to Dismiss Pursuant to
Rule 12(b)(6), and First Amended Answer and Affirmative Defenses          Page 12
4821-8321-3535, v. 1

4.      UGI denies the allegations contained in Paragraph 4 for lack of knowledge sufficient to justify a belief therein.

5.      UGI denies the allegations contained in Paragraph 5 for lack of knowledge sufficient to justify a belief therein.

6.      UGI denies the allegations contained in Paragraph 6 for lack of knowledge sufficient to justify a belief therein.

7.      UGI denies the allegations contained in Paragraph 7 for lack of knowledge sufficient to justify a belief therein.

8.      UGI admits the allegations contained in Paragraph 8.

9.      UGI admits the allegations contained in Paragraph 9.

10.     UGI admits AAF sent payment information to UGI through the use of UGI's Supplier/Contractor Profile Form ("SCPF") but denies the remaining allegations contained in Paragraph 10 for lack of knowledge sufficient to justify a belief therein.

11.     UGI admits AAF provided a W-9 and certificate of liability insurance with AAF named but denies the remaining allegations contained in Paragraph 11 for lack of knowledge sufficient to justify a belief therein.

12.     UGI admits the allegations contained in Paragraph 12.

13.     UGI admits the allegations contained in Paragraph 13.

14.     UGI admits the allegations contained in Paragraph 14.

15.     UGI admits the allegations contained in Paragraph 15.

Defendant UGI Utilities Inc.'s Renewed Motion to Dismiss Pursuant to
Rule 12(b)(6), and First Amended Answer and Affirmative Defenses          Page 13
4821-8321-3535, v. 1

16.    UGI admits it was authorized to initiate credit entries and needed adjustment to the depository account in the SCPF, but denies the remaining allegations contained in Paragraph 16 for lack of knowledge sufficient to justify a belief therein.

17.    UGI admits the allegations contained in Paragraph 17.

18.    UGI denies the allegations contained in Paragraph 18.

19.    UGI admits the allegations contained in Paragraph 19.

20.    UGI denies the allegations contained in Paragraph 20 for lack of knowledge sufficient to justify a belief therein.

21.    UGI denies the allegations contained in Paragraph 21 for lack of knowledge sufficient to justify a belief therein.

22.    The allegations contained in Paragraph 22 consist of a request for judicial notice, to which no answer is required.

23.    UGI admits the allegations contained in Paragraph 23.

24.    UGI admits the allegations contained in Paragraph 24.

25.    UGI admits it had to re-send an email to AAF but denies the remaining allegations contained in Paragraph 25 for lack of knowledge sufficient to justify a belief therein.

26.    UGI denies the allegations contained in Paragraph 26 for lack of knowledge sufficient to justify a belief therein.

Defendant UGI Utilities Inc.'s Renewed Motion to Dismiss Pursuant to
Rule 12(b)(6), and First Amended Answer and Affirmative Defenses    Page 14
4821-8321-3535, v. 1

27.      UGI admits AAF sent its Invoice 18-250 on August 21, 2018 but denies the remaining allegations contained in Paragraph 27 for lack of knowledge sufficient to justify a belief therein.

28.      UGI admits Bernard Socha, Dolores Sedeski, APDept@ugi.com and James Streznetcky received an email on September 18, 2018 from the email account tbreaux@a1americanfenceco.com with different payment instructions but denies the remaining allegations contained in Paragraph 28 for lack of knowledge sufficient to justify a belief therein.

29.      UGI admits the invoice dated August 20, 2018 with a due date of October 4, 2018 edited the company name, account name, routing number, and account number but denies the remaining allegations contained in Paragraph 29 for lack of knowledge sufficient to justify a belief therein.

30.      UGI admits that Fandel Enterprise was not a party the Contract but denies the remaining allegations contained in Paragraph 30.

31.      UGI denies the allegations contained in Paragraph 31 for lack of knowledge sufficient to justify a belief therein.

32.      UGI admits the allegations contained in Paragraph 32.

33.      UGI admits the allegations contained in Paragraph 33.

34.      UGI admits it paid what it thought was AAF but denies the remaining allegations contained in Paragraph 34 for lack of knowledge sufficient to justify a belief therein.

Defendant UGI Utilities Inc.'s Renewed Motion to Dismiss Pursuant to
Rule 12(b)(6), and First Amended Answer and Affirmative Defenses        Page 15
4821-8321-3535, v. 1

35.     UGI denies the allegations contained in Paragraph 35 for lack of knowledge sufficient to justify a belief therein.

36.     UGI denies the allegations contained in Paragraph 36 for lack of knowledge sufficient to justify a belief therein.

37.     UGI denies the allegations contained in Paragraph 37 for lack of knowledge sufficient to justify a belief therein.

38.     UGI denies the allegations contained in Paragraph 38 for lack of knowledge sufficient to justify a belief therein.

39.     UGI admits the allegations contained in Paragraph 39.

40.     UGI admits the allegations contained in Paragraph 40.

41.     UGI admits the allegations contained in Paragraph 41.

42.     UGI admits the allegations contained in Paragraph 42.

43.     UGI denies the allegations contained in Paragraph 43 for lack of knowledge sufficient to justify a belief therein.

44.     UGI admits the allegations contained in Paragraph 44.

45.     UGI admits the allegations contained in Paragraph 45.

46.     UGI admits the allegations contained in Paragraph 46.

47.     UGI denies the allegations contained in Paragraph 47 for lack of knowledge sufficient to justify a belief therein.

48.     UGI admits the allegations contained in Paragraph 48.

49.     UGI admits the allegations contained in Paragraph 49.

50.     UGI admits the allegations contained in Paragraph 50.

Defendant UGI Utilities Inc.'s Renewed Motion to Dismiss Pursuant to
Rule 12(b)(6), and First Amended Answer and Affirmative Defenses          Page 16
4821-8321-3535, v. 1

51.     UGI denies the allegations contained in Paragraph 51 for lack of knowledge sufficient to justify a belief therein.

## Causes of Action

### I.     Negligence/Gross Negligence of UGI (subject to and without waiving the Rule 12(b) Motion above)

52.     Paragraph 52 contains descriptions of law to which no response is required and so UGI denies these allegations.

53.     Paragraph 53 contains conclusions of law to which no response is required and so UGI denies these allegations.

54.     Paragraph 54 contains conclusions of law to which no response is required and so UGI denies these allegations.

55.     Paragraph 55 contains conclusions of law to which no response is required and so UGI denies these allegations.

56.     UGI denies the allegations contained in Paragraph 56.

57.     UGI denies the allegations contained in Paragraph 57.

58.     UGI denies the allegations contained in Paragraph 58.

59.     Paragraph 59 contains conclusions of law to which no response is required and so UGI denies these allegations.

60.     Paragraph 60 contains conclusions of law to which no response is required and so UGI denies these allegations.

Defendant UGI Utilities Inc.'s Renewed Motion to Dismiss Pursuant to
Rule 12(b)(6), and First Amended Answer and Affirmative Defenses     Page 17
4821-8321-3535, v. 1

## II.    DTPA – Breach of Warranty by Wells Fargo

61.    The allegations contained in Paragraph 61 are not against UGI and UGI lacks knowledge sufficient to justify a belief therein.   To the extent a response is deemed necessary, UGI denies the allegations contained in Paragraph 61.

62.    The allegations contained in Paragraph 62 are not against UGI and UGI lacks knowledge sufficient to justify a belief therein.   To the extent a response is deemed necessary, UGI denies the allegations contained in Paragraph 62.

63.    The allegations contained in Paragraph 63 are not against UGI and UGI lacks knowledge sufficient to justify a belief therein.   To the extent a response is deemed necessary, UGI denies the allegations contained in Paragraph 63.

64.    The allegations contained in Paragraph 64 are not against UGI and UGI lacks knowledge sufficient to justify a belief therein.   To the extent a response is deemed necessary, UGI denies the allegations contained in Paragraph 64.

## III.    Breach of Contract by UGI

65.    Paragraph 65 contains descriptions of law to which no response is required and so UGI denies these allegations.

66.    Paragraph 66 contains descriptions of law to which no response is required and so UGI denies these allegations.

67.    Paragraph 67 contains conclusions of law to which no response is required and so UGI denies these allegations.

68.    UGI denies the allegations contained in Paragraph 68.

69.    UGI denies the allegations contained in Paragraph 69.

Defendant UGI Utilities Inc.'s Renewed Motion to Dismiss Pursuant to
Rule 12(b)(6), and First Amended Answer and Affirmative Defenses          Page 18
4821-8321-3535, v. 1

70.    UGI denies the allegations contained in Paragraph 70.

71.    Paragraph 71 contains conclusions of law to which no response is required and so UGI denies these allegations.

### IV.    Breach of Contract by UGI Wells Fargo

72.    The allegations contained in Paragraph 72 are not against UGI and UGI lacks knowledge sufficient to justify a belief therein.  To the extent a response is deemed necessary, UGI denies the allegations contained in Paragraph 72.

73.    The allegations contained in Paragraph 73 are not against UGI and UGI lacks knowledge sufficient to justify a belief therein.  To the extent a response is deemed necessary, UGI denies the allegations contained in Paragraph 73.

74.    The allegations contained in Paragraph 74 are not against UGI and UGI lacks knowledge sufficient to justify a belief therein.  To the extent a response is deemed necessary, UGI denies the allegations contained in Paragraph 74.

75.    The allegations contained in Paragraph 75 are not against UGI and UGI lacks knowledge sufficient to justify a belief therein.  To the extent a response is deemed necessary, UGI denies the allegations contained in Paragraph 75.

76.    The allegations contained in Paragraph 76 are not against UGI and UGI lacks knowledge sufficient to justify a belief therein.  To the extent a response is deemed necessary, UGI denies the allegations contained in Paragraph 76.

Defendant UGI Utilities Inc.'s Renewed Motion to Dismiss Pursuant to
Rule 12(b)(6), and First Amended Answer and Affirmative Defenses        Page 19
4821-8321-3535, v. 1

## V.    Negligence/Gross Negligence of Wells Fargo

77.    The allegations contained in Paragraph 77 are not against UGI and UGI lacks knowledge sufficient to justify a belief therein.  To the extent a response is deemed necessary, UGI denies the allegations contained in Paragraph 77.

78.    The allegations contained in Paragraph 78 are not against UGI and UGI lacks knowledge sufficient to justify a belief therein.  To the extent a response is deemed necessary, UGI denies the allegations contained in Paragraph 78.

79.    The allegations contained in Paragraph 79 are not against UGI and UGI lacks knowledge sufficient to justify a belief therein.  To the extent a response is deemed necessary, UGI denies the allegations contained in Paragraph 79.

80.    The allegations contained in Paragraph 80 are not against UGI and UGI lacks knowledge sufficient to justify a belief therein.  To the extent a response is deemed necessary, UGI denies the allegations contained in Paragraph 80.

81.    The allegations contained in Paragraph 81 are not against UGI and UGI lacks knowledge sufficient to justify a belief therein.  To the extent a response is deemed necessary, UGI denies the allegations contained in Paragraph 81.

82.    The allegations contained in Paragraph 82 are not against UGI and UGI lacks knowledge sufficient to justify a belief therein.  To the extent a response is deemed necessary, UGI denies the allegations contained in Paragraph 82.

83.    The allegations contained in Paragraph 83 are not against UGI and UGI lacks knowledge sufficient to justify a belief therein.  To the extent a response is deemed necessary, UGI denies the allegations contained in Paragraph 83.

Defendant UGI Utilities Inc.'s Renewed Motion to Dismiss Pursuant to
Rule 12(b)(6), and First Amended Answer and Affirmative Defenses          Page 20
4821-8321-3535, v. 1

## Damages

84.    The allegations contained in Paragraph 84 are not against UGI and UGI lacks knowledge sufficient to justify a belief therein.  To the extent a response is deemed necessary, UGI denies the allegations contained in Paragraph 84.

85.    UGI denies that Plaintiff is entitled to any relief from UGI.  UGI lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85; thus, those allegations are denied.

86.    The allegations contained in Paragraph 86 are not against UGI and UGI lacks knowledge sufficient to justify a belief therein.  To the extent a response is deemed necessary, UGI denies the allegations contained in Paragraph 86.

## Attorney's Fees

87.    UGI denies that Plaintiff is entitled to any relief, including attorney's fees, from it.

## Prayer

UGI denies that Plaintiff is entitled to any relief from it.  UGI specifically denies that Plaintiff is entitled to the damages and relief requested.

## AFFIRMATIVE DEFENSES

UGI reserves the right to amend its First Amended Answer to add additional affirmative defenses consistent with the facts discovered in the case.  Subject to that limitation, UGI asserts the following affirmative defenses, without assuming the burden of proof when such burden would otherwise be on AAF.

Defendant UGI Utilities Inc.'s Renewed Motion to Dismiss Pursuant to
Rule 12(b)(6), and First Amended Answer and Affirmative Defenses          Page 21
4821-8321-3535, v. 1

1.      UGI denies any allegation not specifically addressed or responded to above.

2.      AAF has failed to state a claim upon which relief can be granted.

3.      UGI specifically pleads that the occurrence in question as well as the damages complained of were produced or proximately caused, in whole or in part, by the acts, omissions, fault, negligence, or other conduct of third parties or persons or entities over whom UGI had no control and/or right of control or for whom UGI are not legally responsible.

4.      If UGI is determined to have been negligent, which is specifically denied, it is entitled to have the jury determine whether other entities or persons were comparatively negligent or caused or contributed to cause AAF's damages. Such comparative negligence, if found, should be used to offset in whole or in part, AAF's recovery, if any, against UGI, pursuant to Chapter 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

5.      AAF's claims are barred because the occurrence in question as well as the damages complained of were produced or proximately caused, in whole or in part, by the fraudulent inducement of third parties or persons or entities over whom UGI had no control and/or right of control or for whom UGI are not legally responsible. The third parties or persons or entities criminally hacked into AAF's email and induced payment from UGI fraudulently.

Defendant UGI Utilities Inc.'s Renewed Motion to Dismiss Pursuant to
Rule 12(b)(6), and First Amended Answer and Affirmative Defenses          Page 22
4821-8321-3535, v. 1

6.     AAF's claims may be barred, reduced, or otherwise limited by the doctrine of spoliation as a result of AAF's failure to preserve crucial evidence not in UGI's control or in its immediate post-incident condition.

7.     AAF's claims may be barred, in whole or in part, by the doctrine of judicial estoppel and/or unclean hands.

8.     AAF's claims are barred because AAF materially breached the contract prior to any breach by UGI.

9.     AAF's claims are barred because a condition specified in the contract failed to happen before UGI was required to perform its obligations.

10.     AAF's claims are barred because circumstances beyond UGI's control have changed so drastically that it is no longer practical for it perform its duties under the contract.

11.     AAF's claims are barred, in whole or in part, because AAF failed to avoid or mitigate the alleged damages and that any recovery should be reduced, in whole or in part, by the amount of damages AAF could have avoided or mitigated.

12.     AAF's claims are barred, in whole or in part, because it would be prejudicial and unfair, in equity, to perform twice because of AAF's negligence or gross negligence, or a third-party's criminal acts.

13.     AAF's claims are barred because payment was made as requested by a communication coming from AAF's own computer systems.

Defendant UGI Utilities Inc.'s Renewed Motion to Dismiss Pursuant to
Rule 12(b)(6), and First Amended Answer and Affirmative Defenses          Page 23
4821-8321-3535, v. 1

## PRAYER

Defendant UGI Utilities Inc. requests that Plaintiff's negligence and gross negligence claims be dismissed.  Subject to that request, and without waiving same, UGI requests that Plaintiff A-1 American Fence Inc. take nothing by this action, that Defendant recover its costs of court, and that Defendant be granted such other and further relief, general and special, legal and equitable, to which it is justly entitled.

Respectfully submitted,

By:  */s/ Ethan G. Gibson*

**Ethan G. Gibson**
State Bar No. 24073131
ethan@gibsonwunder.com
**Brian K. Wunder**
State Bar No. 22086700
brian@gibsonwunder.com
**GIBSON | WUNDER**
4 Houston Center
1221 Lamar St. Ste. 1001
Houston, Texas 77010
Telephone: 713.504.5021
Facsimile: 713.758.0161

**ATTORNEY FOR DEFENDANT
UGI UTILITIES INC.**

Defendant UGI Utilities Inc.'s Renewed Motion to Dismiss Pursuant to
Rule 12(b)(6), and First Amended Answer and Affirmative Defenses        Page 24
4821-8321-3535, v. 1

## CERTIFICATE OF SERVICE

The undersigned certifies a true and correct copy of the foregoing document was served electronically through the electronic filing manager in accordance with Texas Rule of Civil Procedure 21a on March 24, 2021, as follows:

Brandon P. Monk
brandon@themonklawfirm.com
The Monk Law Firm
4875 Parker Dr.
Beaumont, Texas 77705
Phone: 409-724-6665
Fax. 409-729-6665s

**ATTORNEY FOR PLAINTIFF**

*/s/ Ethan G. Gibson*
Ethan Gibson

Defendant UGI Utilities Inc.'s Renewed Motion to Dismiss Pursuant to
Rule 12(b)(6), and First Amended Answer and Affirmative Defenses          Page 25
4821-8321-3535, v. 1